IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. MAU, JR., AG1410, | |
| Plaintiff(s), | No. C 17-2548 CRB (PR) |
| v. | ORDER OF SERVICE |
| CLARK E. DUCART, Warden, et al., | (ECF No. 3) |
| Defendant(s). | |

Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), has filed a pro se complaint under 42 U.S.C. § 1983 seeking declaratory and monetary relief from PBSP Warden Clark E. Ducart and various other PBSP and California Department of Corrections and Rehabilitation (CDCR) officials for alleged violations of Title II of the American with Disabilities Act (ADA). Plaintiff also moves for appointment of counsel under 28 U.S.C. § 1915(e)(1).

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff alleges that he cannot read or write due to a learning disability, and that PBSP and CDCR officials are discriminating against him based on his disability by not providing him an ADA worker who can help him with his disability. Among other things, plaintiff alleges that he is being excluded from vocational and rehabilitation courses "because he does not have a qualified interpreter or qualified reader," and that he "can barely maintain communication with his family, as he needs assistance reading and writing letters to his family." Comp. (ECF No. 1) at 11. Plaintiff presented his claim to prison officials, but the prison's Reasonable Accommodation Panel (RAP) denied it on November 22, 2016, and his appeals of that decision have been denied as well.

Section 1983 permits a plaintiff to enforce rights contained in the United States Constitution and defined by federal law. Vinson v. Thomas, 288 F.3d 1145, 1155 (9th Cir. 2002). But an alleged violation of federal law may not be vindicated under § 1983 where "Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." Id. (citation omitted). Because Title II of the ADA provides a comprehensive remedial scheme, plaintiff is precluded from

2

bringing a § 1983 claim for violation of Title II of the ADA. See id. (plaintiff cannot bring action under § 1983 against state officials in their individual capacities to vindicate rights created by Title II of ADA); Cherry v. City College of San Francisco, No. C 04-4981 WHA, 2006 WL 6602454, at *12 (N.D. Cal. 2006) (extending rationale of Vinson to also preclude action under § 1983 against state officials in their official capacities to vindicate rights created by Title II of ADA). Plaintiff is limited to seeking relief under the comprehensive remedial scheme provided by Title II of the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. See Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). To establish a violation of Title II of the ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs or activities; and (3) such exclusion or discrimination was by reasons of his disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). In order to recover monetary damages, a plaintiff also must show that the exclusion or discrimination was intentional. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Liberally construed, plaintiff's allegations that PBSP and CDCR officials are discriminating against him based on his disability by not providing him an ADA worker who can help him with his disability appears to state a cognizable claim under Title II of the ADA, and will be served on the named PBSP and

3

|   |   |
|---|---|
| 1 | CDCR officials – Warden Clark E. Ducart, ADA Coordinator T. Lemos, Chief |
| 2 | Medical Executive D. Jacobsen, Custody Appeals Coordinator K. Royal, Health |
| 3 | Care Compliance Analyst D. Adams, Health Care Appeals Coordinator L. |
| 4 | Dalbec, Psychologist J. Kelly, Case Counselor M. Markel, and Vocation- |
| 5 | Computer Literacy Instructor M. Roberts (all at PBSP in Crescent City); and |
| 6 | Appeals Examiner K. J. Allen and Chief of Office of Appeals M. Voong (both at |
| 7 | CDCR in Sacramento). |

C.  <u>Motion for Appointment of Counsel</u>

Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice to plaintiff renewing the motion after defendants appear and file an answer or dispositive motion. Although the court is mindful of plaintiff's alleged disability, plaintiff presented his claims clearly in the complaint, albeit with the assistance of another inmate, and the claims are being served on the named defendants.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants: Warden Clark E. Ducart, ADA Coordinator T. Lemos, Chief Medical Executive D. Jacobsen, Custody Appeals Coordinator K. Royal, Health Care Compliance Analyst D. Adams, Health Care Appeals Coordinator L. Dalbec, Psychologist J. Kelly, Case Counselor M. Markel, and Vocation-Computer Literacy Instructor M. Roberts (all at PBSP in Crescent City); and Appeals Examiner K. J. Allen and Chief of Office of Appeals M. Voong (both at CDCR in Sacramento). The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

   If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion

is served and filed.

          c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements

signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

   d. Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

   e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the

dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: August 4, 2017

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.17\Mau, M.17-2548.serve.wpd

8