UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DWAYNE MAU, JR., AG1410,<br><br>Plaintiff,<br><br>v.<br><br>CLARK E. DUCART, et al.,<br><br>Defendant(s). | Case No. 17-cv-02548-CRB (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 36) |

Plaintiff Michael Dwayne Mau, Jr., a prisoner at Pelican Bay State Prison (PBSP), filed a pro se complaint for declaratory and monetary relief alleging that various PBSP and California Department of Corrections and Rehabilitation (CDCR) officials violated Title II of the Americans with Disabilities Act (ADA) by discriminating against him based on his learning disability. Plaintiff specifically alleges that he cannot read or write due to a learning disability and that PBSP and CDCR officials discriminated against him based on this disability by not providing him with an ADA worker who can help him with daily life activities that require reading and writing. Per the order filed on August 4, 2017, the court found that, liberally construed, plaintiff's allegations appear to state a cognizable claim for relief under Title II of the ADA and ordered the United States Marshal to serve the named PBSP and CDCR officials (defendants).

Defendants move for summary judgment under Federal Rule of Civil Procedure 56 on the ground that there are no material facts in dispute and that they are entitled to judgment as a matter of law on plaintiff's claim that they violated Title II of the ADA. After several extensions of time, plaintiff has filed an opposition and defendants have filed a reply.

## BACKGROUND

Plaintiff was incarcerated at California's Deuel Vocational Institution (DVI) before he was transferred to PBSP. Compl. at 7. At DVI, he requested an accommodation for his learning disability and was placed in an ADA program where he was assisted with pertinent daily life

activities. Id. Ex. G. But although DVI provided the accommodation, it noted that plaintiff has "no listed disability." Id. Ex. M.

Upon transfer to PBSP, plaintiff submitted a CDCR Form 1824 (Reasonable Modification or Accommodation Request) requesting a similar accommodation as the one he received at DVI—an ADA worker to assist him with pertinent daily life activities such as reading, writing, and conducting legal work—or to be transferred back to DVI where he could be placed back into their ADA program. Id. at 9 & Ex. A. As evidence of his disability, plaintiff submitted his high school transcripts, which indicate that all of plaintiff's classes (except physical education) were designated "SDC" classes. Id. at 9–10 & Ex. B.[1] Plaintiff also pointed to his low Test of Adult Basic Education (TABE) scores. Id. at 10 & Ex. G.

Plaintiff's accommodation request was denied by the Reasonable Accommodation Panel (RAP) at PBSP because plaintiff did not have an identified learning disability pursuant to the Education Disability Verification Process. Id. Exs. C, I. Plaintiff appealed. On appeal, plaintiff's request to be assigned an ADA worker or be transferred back to DVI was denied, but he was granted one-on-one assistance during his assigned classes at PBSP. Id. Exs. G, I. Plaintiff unsuccessfully appealed the decision to the final level of administrative review. Id. Ex. I.

Plaintiff then filed the instant action alleging that defendants violated Title II of the ADA by discriminating against him based on his learning disability. Specifically, plaintiff alleges that he is being "excluded from Vocation Courses and other rehabilit[ation] courses . . . because he does not have a qualified interpreter or qualified reader." Id. at 11. He argues that he was "unassigned" from the Computer Literacy Vocation Class "because of his low TABE score" and because he required a qualified reader and interpreter, and that "many, if not all" of the rehabilitation classes/programs at PBSP "maintain this standard." Id. Plaintiff concedes that he has received one-on-one assistance by a qualified reader and interpreter during classroom time but argues that such assistance is insufficient and does not address other pertinent daily life activities such as communicating with his family. Id.

Defendants do not dispute that plaintiff has some difficulty reading and writing, but argue that they are entitled to summary judgment on his claim that they violated Title II of the ADA because plaintiff has not set forth sufficient probative evidence for a reasonable jury to find that he

---

[1] Plaintiff suggests that "SDC" stands for "Severely Developmentally Challenged," but it is well established that in California's education system "SDC" stands for "Special Day Classes." See Overview of Special Education in California, https://lao.ca.gov/reports/2013/edu/special-ed-primer/special-ed-primer-010313.aspx (last visited March 5, 2019).

2

has a disability under the ADA and that defendants precluded him from participating in any service or program for which he is otherwise qualified by reason of his disability.

## DISCUSSION

A.   Standard of Review

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings to demonstrate the existence of a genuine dispute of material fact by "citing to specific parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). A triable dispute of material fact exists only if there is sufficient evidence favoring the nonmoving party to allow a jury to return a verdict for that party. Anderson, 477 U.S. at 249. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249—50.

B.   Analysis

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) (citation omitted). To recover monetary damages under Title II of the ADA, a plaintiff must show that the exclusion or discrimination was intentional. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Defendants argue that they are entitled to summary judgment on plaintiff's claim that they violated Title II of the ADA because plaintiff has not set forth sufficient probative evidence for a reasonable jury to find that he has a disability under the ADA and that defendants precluded him from participating in any service or program for which he is otherwise qualified by reason of his disability. The court agrees.

A. Plaintiff has not demonstrated that he has a disability under the ADA

To qualify as an individual with a disability under the ADA, a plaintiff must establish that he has an impairment that substantially limits at least one of his major life activities. 42 U.S.C § 12102(2). Here, plaintiff alleges that he has a disability under the ADA because he has a learning disability that prevents him from learning how to read and write. But although it is undisputed that reading and writing are major life activities under the ADA, see id., it remains plaintiff's burden to set forth evidence demonstrating that he in fact has a learning disability and that this disability substantially limits his ability to learn how to read and write.

Plaintiff points to his high school transcripts and TABE scores in support of his claim that he has a learning disability. But plaintiff's transcripts showing that he was in SDC classes in high school do not demonstrate that he has a learning disability. SDC classes accommodate students "who are unable to participate in general-education classes because they may have behavior problems, or because they have other educational needs that prevent them from participating in a general-education program." Cummings Decl. ¶ 5. All students who receive special education services from their school due to a learning disability have an Individualized Education Plan (IEP)[2] and are placed in SDC classes pursuant to their IEP. Id. ¶ 4. There is no indication in

---

[2] An IEP is an education plan prepared by a student's educators and tailored to meet a student's specific educational needs. Cummings Decl. ¶ 4.

4

plaintiff's transcripts, or anywhere else in the record, that plaintiff was provided an IEP due to a learning disability and/or placed in SDC classes pursuant to an IEP for a learning disability.

Plaintiff's TABE scores do not demonstrate that he has a learning disability either. Although plaintiff's TABE scores suggest that he has difficulty reading and writing, they also suggest that he can improve his reading and writing. For example, on May 10, 2011, plaintiff scored a 3.4 on his TABE reading examination, indicating a third-grade reading level, but on December 15, 2011, after "outstanding progress" in his classes, he scored a 5.3, indicating a fifth-grade reading level. Id. ¶ 7 & Ex. B. And plaintiff's more recent Comprehensive Adult Student Assessment Systems (CASAS) math scores from 2016 and 2018, based on a test that consists solely of word problems, suggest that his reading and comprehension has improved to a ninth-grade or tenth-grade level. Id. ¶ 8.

Plaintiff has not set forth sufficient probative evidence for a reasonable jury to find that he has a disability under the ADA. Plaintiff has presented no evidence whatsoever that he has been diagnosed with a learning disability. And for the reasons set forth above, his high school transcripts showing that he was enrolled in SDC classes and/or his TABE scores are not enough to compel a different conclusion. Cf. Aguilar v. Marinello Schools of Beauty, No. CV 09-00854 DMG (AJWx), 2010 WL 11582978, at \*\*8-9 (C.D. Cal Mar. 29, 2010) (mere placement in special education classes insufficient proof that plaintiff is disabled under ADA). Nor are they enough for a reasonable jury to find that plaintiff's proffered learning disability substantially limits his ability to learn how to read and write. Someone who has a learning disability is not automatically considered disabled under the ADA; he must demonstrate that his learning disability substantially limits his ability to perform a major life activity. See Wong v. Regents of University of California, 410 F.3d 1052, 1064-65 (9th Cir. 2005). Plaintiff has set forth no evidence or explanation of how his proffered learning disability limits his ability to learn how to read and write. His improvement in his TABE and CASAS scores, and comments from his instructors, instead indicate that his reading and writing can improve through coursework, contradicting his assertion that his learning disability prevents him from learning how to read and write. Cf. id. at 1065 ("Regarding the activity of learning, Wong's claim to be 'disabled' was contradicted by his ability to achieve academic success, and to do so without special accommodations.").

B. <u>Plaintiff has not demonstrated exclusion from any service/program in violation of ADA</u>

Plaintiff claims that defendants violated Title II of the ADA when they excluded him from CDCR's Inmate Disability Assistance Program (IDAP) by declining to assign him a personal ADA worker and when they excluded him from CDCR's vocational programs by removing him

5

from his computer literacy course. But to survive summary judgment on his claim that defendants violated Title II of the ADA, plaintiff must show that defendants excluded him from participating in a service or program for which he was otherwise qualified by reason of his disability. See Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010), overruled in part on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc); Lovell, 303 F.3d at 1052. Plaintiff does not.

Plaintiff has not shown that he was excluded from participating in a service or program for which he was otherwise qualified. See Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1046 (9th Cir. 1999) (Title II plaintiff must establish that he meets essential eligibility requirements for participation in program at issue, with or without reasonable modifications). Although IDAP provides personal assistance to inmates with verified, severe disabilities, Lemons Decl. ¶¶ 4—7, there is no evidence in the record that plaintiff has a verified or severe disability entitling him to participation in the program, Cummings Decl. ¶¶ 7—8. And although all inmates may sign up for open vocational courses, plaintiff does not deny that he was removed from the computer literacy class because he could not—or would not—perform essential tasks necessary for success in the class. See Roberts Decl. ¶¶ 5—8 (plaintiff was removed from computer literacy class because he could not perform tasks essential for success in the class and because he was causing a disruption). Nor does plaintiff deny that he may sign up for other vocational courses and currently is on the waitlist for the vocational electronic class. See Cummings Decl. ¶ 14.

Plaintiff has not shown that he was excluded from participating in a service or program by reason of his disability. In Simmons, the Ninth Circuit held that the plaintiff failed to make out a prima facie case of disability discrimination where plaintiff's exclusion from recreation "was not because of his depression, but due to a jail policy restricting the activities of inmates on suicide watch." 609 F.3d at 1021-22. Plaintiff similarly fails to make out a prima facie case of disability discrimination here. The undisputed evidence in the record makes clear that plaintiff was not excluded from IDAP or from vocational courses because of his disability; rather, he was not assigned a personal ADA worker under IDAP because he does not have a verified, serious disability and he was removed from the computer literacy class because he could not—or would not—do the work required for the class and was disruptive. See also Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 979 (9th Cir. 1997) (plaintiff who failed to update certification showing he had a qualifying disability could not establish Title II violation because he could not prove he was discriminated against because of his disability).

In sum, plaintiff has not set forth sufficient probative evidence for a reasonable jury to find that he has a disability under the ADA and that defendants precluded him from participating in a service or program for which he was otherwise qualified by reason of his disability. Nor has plaintiff set forth any evidence whatsoever in support of his claim for damages by showing that defendants "intentionally" discriminated against him because of his disability. Defendants are entitled to summary judgment on plaintiff's claim that they violated Title II of the ADA.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (ECF No. 36) is GRANTED.

**IT IS SO ORDERED**.

Dated: March 22, 2019

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DWAYNE MAU,<br>Plaintiff,<br>v.<br>CLARK E. DUCART, et al.,<br>Defendants. | Case No. 3:17-cv-02548-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Dwayne Mau ID: AG1410
Pelican Bay State Prison B/7/210
5905 Lake Earl Dr.
Crescent City, CA 95531

Dated: March 22, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable CHARLES R. BREYER